**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**NATHAN LONG,**

      **Petitioner,**

**v.**                                      **Case No. 2:13cv26**
                                                  **(Judge Bailey)**

**DAVID BALLARD, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

On April 8, 2013, the *pro se* petitioner filed an Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On April 30, 2013 the Court made a preliminary review of the petition and found that summary dismissal of the same was not warranted. Accordingly, the respondent was directed to answer the petition. After being granted several extensions, the respondent filed its response on August 15, 2013, along with a motion for summary judgment. Because the petitioner was proceeding *pro se,* a <u>Roseboro</u> Notice was issued on August 20, 2013, advising him of his right to respond to the respondent's dispositive motion.  After being granted two extensions, on November 21, 2013, petitioner filed his reply to the respondent's motion for summary judgment, along with a motion for leave to hold his §2254 petition in abeyance.

Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL 2.

## I.  Factual and Procedural Background

### A. Background

At the time of the offenses for which he is convicted, petitioner, Nathan Long ("Long") was a resident of Willard, near Shinnston in Harrison County, West Virginia.  He had been

separated from his wife Margaret for years, and had legal custody of their two daughters, who were 14 and 13 years old at the time of trial. Margaret's brother was Jerry E., who had recently been divorced from one Jean Shaw; the couple had three children, a girl, B.J.E.; and two boys, J.A.E. and T.L.E.[1] After the divorce, at some point in approximately the summer of 2002,[2] Jean Shaw and her children, then approximately 10, 9, and 5 years old, began living with Long and his two children. The victims in this case were Jean Shaw's children; thus, Long was also their uncle. Ultimately, Long and Shaw became engaged.[3] The combined family lived together for about four years,[4] until, pursuant to the investigation resulting in the charges filed in this case, the children were removed from the home and placed into foster care, on July 12, 2006. They were 15, 14, and 10 years old, by the time they testified at trial, sixteen and a half months later.

**B.   Petitioner's Conviction and Sentence**

During its May, 2007 term, the Harrison County, West Virginia Grand Jury returned a twenty-five count indictment charging petitioner with seven counts of First Degree Sexual Assault (Counts 1, 3, 5, 7, 9, 11, and 24), in violation of W.Va. Code §61-8B-3; sixteen counts of Sexual Abuse by a Parent, Guardian or Custodian, in violation of W. Va. Code § 61-8D-5(a) (Counts 2, 4, 6, 8, 10, 12, 13, 15, 17, 18, 19, 20, 21, 22, 23, and 25); and two counts of Third Degree Sexual Abuse, in violation of W.Va. Code § 61-8B-5. (Counts 14 and 16).

After a six-day jury trial, on December 3, 2007, petitioner was convicted of three counts of First Degree Sexual Assault (Counts 3, 5 and 7) and six counts of Sexual Abuse by a Parent,

---

[1] The minor child victims are being identified by their initials to protect their privacy, in accordance with the E-Government Act and the rules of this Court.

[2] Dkt.# 22-14 at 58.

[3] Petitioner did not actually institute divorce proceedings against his first wife until after he had already been arrested on the instant charges. Dkt.# 22-16 at 175 – 77.

[4] Dkt.# 22-14 at 29.

Guardian or Custodian (Counts 4, 6, 8, 18, 20 and 21), and acquitted of Counts 16, 17, 19, 22, 23, and 25.[5]

On April 30, 2008, petitioner was sentenced. The court denied his motion for alternative sentencing based upon a post-conviction forensic psychiatric evaluation, performed at petitioner's request,[6] that indicated he was at moderate-to-high risk to reoffend, given that he adamantly denied committing any sexual offense and indicated a lack of interest in treatment for sexual disorder.[7] Petitioner was sentenced to three concurrent sentences of not less than 15 nor more than 35 years on Counts 3, 5 and 7, and to not less than 10 nor more than 20 years on Counts 4, 6, 8, 18, 20 and 21, with all of those sentences except for that for Count 18 being concurrent, giving him a total sentence of not less than 25 nor more than 55 years,[8] with an additional 10 years of supervised release.[9] As a convicted sex offender, he is subject to lifetime supervision,[10] pursuant to West Virginia's Sex Offender Registration Act, pursuant to W. Va. Code § 15-12-4(a)(2)(C).

**B. <u>Direct Appeal</u>**

Petitioner filed a petition for appeal on January 28, 2009, raising the following assignments of error:

1. The evidence was insufficient to support the convictions.

---

[5] Dkt.# 22-9 at 4. At trial, the court granted the State's motion to dismiss Counts 1, 2, 9, 10, 11, 12, 13, 14, 15, and 24. Dkt.# 22-14 at 188 and Dkt.# 23 at 2.

[6] Dkt.# 22-22 at 5.

[7] Dkt.# 22-22 at 22- 23.

[8] Dkt.# 22-22 at 22.

[9] Dkt.# 22-22 at 43 – 44.

[10] Dkt.# 22-22 at 27.

2. There exists a fatal variance between the dates of the offenses charged in the indictment and the state's evidence presented at trial, which prejudice the petitioner, by denying him the opportunity to present an adequate defense.

3. The State of West Virginia obstructed the defendant's access to his witnesses, that being the daughters of the defendant, thereby denying the defendant a fair trial.

4. The State of West Virginia purposely blocked the defendant's access to a State's witness, Jean Shaw, mother of the alleged infant victims, by blatantly and falsely threatening Ms. Shaw with criminal prosecution.

Dkt.# 22-2 at 6.

By Order entered June 3, 2009, the WVSCA refused petitioner's direct appeal.[11]

Petitioner did not petition for writ of *certiorari* to the Supreme Court.

## C. **Petitioner's State Habeas Petition**

On November 9, 2009, petitioner filed a *pro se* petition for post-conviction relief in the Circuit Court of Harrison County. Subsequently, the circuit court appointed him counsel. On September 14, 2010, counsel filed a mixed supplemental petition for post-conviction relief/Anders[12] brief, including a Losh[13] checklist of grounds for habeas relief, raising the following grounds:

1) the statute under which conviction was obtained was unconstitutional;

2) petitioner received consecutive sentences for the same transaction;

3) the State knowingly used perjured testimony;

4) ineffectiveness of trial counsel for failing to move to strike a biased juror;

5) trial court erred as a matter of law, when it failed to disqualify a biased juror;

---

[11] Dkt.# 22-2 at 3.

[12] Anders v. California, 386 U.S. 738 (1967).

[13] Losh v. McKenzie, 166 W.Va. 762, 277 S.E.2d 606 (1981).

6) petitioner was denied the right to a valid Grand Jury procedure when the State failed to put on sufficient witnesses to permit the Grand Judy to test the evidence, confront all witnesses, and fully investigate, resulting in an improper indictment.

7) claims concerning use of informers to convict;

8) constitutional errors in evidentiary rulings;

9) sufficiency of the evidence;

10) severer sentence than expected; and

11) excessive sentence.

Dkt.# 22-5.

The state habeas court convened an omnibus evidentiary hearing that began on October 1, 2010[14] and continued on November 10, 2010.[15] By Opinion Order entered August 25, 2011, the state habeas court denied all of petitioner's grounds for relief.[16]

### 2. State Habeas Appeal to the WVSCA

Petitioner filed a notice of appeal of the denial of his state habeas petition to the WVSCA on September 23, 2011. On appeal, he raised two assignments of error:

1) the Circuit Court was clearly wrong where it concluded that the petitioner failed to prove his trial counsel was ineffective by a preponderance of the evidence; and

2) the Circuit Court was clearly wrong where it failed to address, in its Order, Petitioner's claim that the Circuit Court erred in not excluding a biased juror, as a matter of law, as a ground for Habeas Corpus relief.

By Memorandum Decision entered January 14, 2013, the WVSCA affirmed the denial of petitioner's state habeas petition.[17]

---

[14] Dkt.# 22-6.

[15] Dkt.# 22-7.

[16] Dkt.# 22-9.

[17] Dkt.# 22-10.

### D. Petitioner's Federal Habeas Petition (Dkt.# 1)

On April 8, 2013, petitioner filed the instant petition without a memorandum in support,

raising as grounds for relief:

1) "Trial counsel was ineffective, for failing to move to quash the faulty indictment for multiplicity, same transaction and same element violations, and for failure to bar a raising of double jeopardy protections [sic]."

2) Habeas counsel failed to advance all available grounds for relief at omnibus habeas hearing which denied petitioner his right to consideration and appeal of said issues.

3) "Indictment fails to fully inform recent [sic] change in law [sic] reveals failure to fully inform [sic] and double jeopardy concerns [sic]."

4) "Actual innocence – post trial psychological evaluation shows actual innocence. Not raised [sic] by habeas or appeal counsels – ineffectiveness."

Petitioner did not request any relief.

### E. Respondent's Motion for Summary Judgment (Dkt.# 22)

The respondent contends that the petitioner

1) asserts claims that are not cognizable in federal habeas corpus;

2) has failed to state a claim upon which relief can be granted;

3) has failed to demonstrate that he is entitled to relief on any of his claims; and

4) has not fully exhausted his claims, thus they should be dismissed with prejudice.

### F. Petitioner's Response to Respondent's Motion for Summary Judgment (Dkt.# 38)

Petitioner reiterates his difficulties as a *pro se* petitioner, conceding that his petition is

"not very cognizable and a bit ambiguous." Further, he agrees with the respondent that he has

raised claims that are not fully exhausted, attributing the deficiencies in his "incoherent"

pleadings to his jailhouse lawyers. After reiterating his claims that trial counsel was ineffective

for not moving to strike the biased juror, and the court likewise erred in not striking the biased

juror, he requests that his federal habeas petition be held in abeyance, permitting him to exhaust his claims in state court and then "amend" his petition with "coherent and cognizable grounds."[18]

## II.  Standard of Review

**Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." (Id.) "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed

---

[18] Dkt.# 38 at 10.

in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Industrial Co. V. Zenith Radio Corp</u>., 475 U.S. 574, 587-88 1986).

### III. <u>Analysis</u>

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. <u>See</u> 28 U.S.C. §2254(b). Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004); <u>Castille v. Peoples</u>, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>see</u> <u>also</u> <u>Footman v. Singletary</u>, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. <u>Matthews v. Evatt</u>, 105 F.3d 907 (4th Cir.), <u>cert</u>. <u>denied</u>, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." <u>Id</u>. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" <u>Baldwin v. Reese</u>, 541 U.S. at 32; <u>see also</u> <u>Howell v. Mississippi</u>, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus

proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. <u>See</u> <u>Moore v. Kirby</u>, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); <u>see also</u> <u>Bayerle v. Godwin</u>, 825 F. Supp. 113, 114 (N.D. W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[19] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies. <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir.), <u>cert. denied</u>, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." (<u>Id</u>.) "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995). Further, in addition to providing the state court with the facts supporting the claimed constitutional violation, the petitioner must also "explain how those alleged events establish a violation of his constitutional rights." <u>Mallory v. Smith</u>, 27 F.3d 991, 994 (4th Cir. 1994). Finally, a petitioner must show that the claims he raised in the state proceedings are the exact same claims he is raising in a federal habeas petition. <u>See</u> <u>Pitchess v. Davis</u>, 421 U.S. 482, 487 (1975); <u>see also</u> <u>Picard v. O'Connor</u>, 404 U.S. 270, 275 – 76 (1971). "It is not enough that all the facts necessary to support the federal claims were before the state courts, or that a somewhat similar state-law

---

[19] <u>Picard v. Connor</u>, 404 U.S. 270 (1971).

claim was made." <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982)(internal citations omitted). Not only must the claim itself be the same, but the same factual grounds must be raised in support of the claims in state court as in federal court, and a specific federal constitutional claim must be raised in the state proceedings. (<u>Id</u>.)

Here, petitioner has filed a direct appeal and a state petition for writ of habeas corpus, and then appealed the denial of the state habeas petition. However, after a review of each of those proceedings and the instant petition, the undersigned has determined that none of petitioner's claims are exhausted, because none of the four have ever been raised previously in any court.[20] Petitioner himself admits as much. Moreover, petitioner's claims are insufficiently pled, bare-bones, conclusory allegations which petitioner has failed to expand on, by choosing not to file a memorandum in support of his petition. Accordingly, because petitioner still has a remedy available in State Court, it is inappropriate for this Court to entertain the petitioner's federal habeas petition at this time and the petition should be dismissed. Dismissal without prejudice will not preclude petitioner from returning to federal court once his claims are exhausted in state court, because the statute of limitations for timely re-filing his federal habeas petition has not yet expired.[21]

---

[20] To the extent that the petitioner's ineffective assistance of counsel claims include a claim that his state habeas counsel was ineffective, that claim is not cognizable on federal habeas review and petitioner would not be permitted to proceed on that claim even if there were good cause for his failure to previously raise the issue in state court. <u>See Pennsylvania v. Finley</u>, 481 U.S. 551 (1987) (there is no Constitutional right to have appointed counsel in post-conviction proceedings).

[21] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2244(d). The limitation period shall run from the latest of:

    A) the date on which the judgment of conviction becomes final by the conclusion of direct review of the expiration of the time for seeking such review;

    B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

# IV. <u>Recommendation</u>

For the above-stated reasons, the undersigned recommends that the Court enter an Order **GRANTING** the defendant's Motion for Summary Judgment (Dkt.# 22) and **DENYING** the petitioner's §2254 motion (Dkt.# 1) **without prejudice** to the petitioner's right to renew the same following the proper exhaustion of state remedies, and **DISMISSING** this action from the Court's docket.

Further, the undersigned recommends that petitioner's Motion for Leave to Hold the §2254 Writ of Habeas Corpus in Abeyance (Dkt.# 38), contained within his reply to the respondent's motion for summary judgment, be **DENIED**.

---

D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

Where a federal prisoner does not file a petition for writ of *certiorari* with the United States Supreme Court, the one year limitation begins to run when the time for filing a writ - 90 days - expires. <u>See</u> Sᴜᴘ. Cᴛ. R. 13.1.

In the present case, petitioner was convicted on December 3, 2007 and sentenced April 30, 2008. His direct appeal to the WVSCA was refused June 3, 2009. Although he did not petition for a writ of *certiorari,* petitioner had until September 1, 2009 to do so. He filed his state habeas corpus petition on November 9, 2009, 69 days after his judgment became final. It was denied on August 25, 2011; he timely appealed its denial to the WVSCA on September 23, 2011. The WVSCA affirmed the circuit court's decision on January 14, 2013. Petitioner then had until April 15, 2013, to petition for writ of *certiorari,* but filed his instant federal habeas petition on April 8, 2013, seven days prior to the expiration of that time period.

Petitioner's judgment therefore became final on September 1, 2009. Accordingly, the one-year limitations period began to run, and was not tolled until he filed his state habeas petition on November 9, 2009. <u>See</u> 28 U.S.C. § 2244(d)(2) [providing "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."]; <u>Harris v. Hutchinson</u>, 209 F.3d 325, 327 (4th Cir. 2000). His limitations period remained tolled throughout the pendency of the state habeas petition until its denial was appealed and the WVSCA affirmed on January 14, 2013. He then had until April 15, 2013, to petition for writ of *certiorari,* but filed his instant §2254 petition before then, on April 8, 2013, thus, no time from the limitations period ran.

Accordingly, the 1-year limitations period began to run after the WVSCA affirmed the denial of the state habeas petition on June 3, 2009, because at that point, "an application for state postconviction review no longer exist[ed] . . .[because an] application for state postconviction review is . . . not 'pending' after the state's post-conviction review is complete, and §2244(d)(2) does not toll the1-year limitations period during the pendency of a petition for *certiorari."* <u>Lawrence v. Florida</u>, 549 U.S. 327, 1082 - 83 (2007). **The limitations period began to run, and by the time he filed his federal habeas petition on April 8, 2013, 69 days of the one-year period had elapsed; since then, to date, an additional 231 days of the one-year limitations period have elapsed, for a total of 307 days, giving petitioner 58 days left in his one-year limitations period, in which to return to state court and file a second habeas petition to begin exhausting his present claims, thus tolling the limitations period again**.

**Within fourteen (14) days** of being served with a copy of this Recommendation, **or by December 16, 2013**, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of Court is directed to send a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet, and transmit a copy electronically to all counsel of record.

DATED: December 2, 2013

                 /s/ James E. Seibert
                 JAMES E. SEIBERT
                 UNITED STATES MAGISTRATE JUDGE