IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**NATHAN LONG,**

      Petitioner,

**v.**
                                        **CIVIL ACTION NO. 2:13-CV-26**
                                        **(BAILEY)**

**DAVID BALLARD**, Warden,

      Respondent.

## ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on December 2, 2013 [Doc. 39]. In that filing, the magistrate judge recommended that this Court grant Respondent's Motion for Summary Judgment [Doc. 22], deny petitioner's 28 U.S.C. § 2254 motion without prejudice, and dismiss this action from the docket.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is timely made. However, the Court is not required to review, under a *de novo* or any other

1

standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The petitioner timely filed his objections [Doc. 27] on September 23, 2013. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects. The remainder of the R&R will be reviewed for clear error.

**I.** **Facts**

    **A.** **State Criminal Proceedings**

In May 2007, the Harrison County Grand Jury returned a twenty-five count indictment against petitioner Nathan Long, then a resident of Willard, West Virginia, charging him with seven offenses of first-degree sexual assault, sixteen offenses of sexual abuse by a parent, guardian, or custodian, and two counts of third-degree sexual abuse. [Doc. 22-2 at 8]. At the time of the indictment, petitioner was living with his girlfriend, Jean Shaw, with his two daughters, and with Ms. Shaw's three minor children, T.L.E., J.A.E., and B.J.E. *Id.* Ms. Shaw's children were the victims of petitioner's offenses. *Id.*

Petitioner was found guilty on three counts of first-degree sexual assault and six counts of sexual abuse by a parent, guardian, or custodian, and was subsequently

sentenced to not less than 25 nor more than 55 years imprisonment, with an additional ten years of supervised release to follow.[1]  *Id.* at 9–10.

## B. Direct Appeal

Petitioner filed his appeal on January 28, 2009, alleging the following assignments of error:

1. Sufficiency of the evidence;
2. Fatal variance between the dates of the offenses charged in the indictment and the State's evidence presented at trial, which prejudiced the defendant by denying him the opportunity to present an adequate defense;
3. The State obstructed the defendant's access to his witnesses, that being the daughters of the defendant, thereby denying him a fair trial;
4. The State purposely blocked the defendant's access to a State's witness, Jean Shaw, by blatantly and falsely threatening Ms. Shaw with criminal prosecution.

[Doc. 22-2 at 6]. By order entered June 3, 2009, the West Virginia Supreme Court of Appeals refused petitioner's direct appeal. *Id.* at 3. Petitioner did not petition for writ of *certiorari* to the Supreme Court of the United States.

## C. State Habeas Petition

On November 9, 2009, petitioner filed a *pro se* habeas petition in the Circuit Court of Harrison County. [Doc. 22-4]; [Doc. 22-6 at 4, 3:5–6].[2]  Subsequently, the Circuit Court

---

[1] Petitioner received three concurrent sentences of not less than 15 nor more than 35 years on three counts and six sentences of not less than 10 nor more than 20 years, five running concurrently, giving him a total sentence of not less than 25 nor more than 55 years.  *See* [Doc. 22-2 at 10].

[2] It appears that petitioner executed the petition on November 5, 2009; as presented to this Court, the petition lacks any indicia of a filing date. The transcript cited above, however, indicates that the petition "was filed . . . on or about it appears to be November 9, 2009."

3

appointed him counsel. At some point during the proceedings, petitioner filed an unsigned, undated memorandum of law, which appears to have been prepared *pro se*, as an accompaniment to his petition. *See* [Doc. 22-5 at 14–18]. On or about November 9, 2009, the Circuit Court issued an order directing the petitioner to fill out a **Losh** checklist of grounds for habeas relief. [Doc. 22-6 at 4, 3:5–8]; [Doc. 22-5 at 10]. In the checklist, a "Supplemental Petition for Habeas Corpus" prepared by appointed counsel, and the unsigned, undated memorandum of law, petitioner indicated that he was raising the following grounds in support for habeas relief:

1. Statute under which conviction obtained unconstitutional;
2. Consecutive sentences for same transaction;
3. State's knowing use of perjured testimony;
4. Ineffective assistance of counsel (based upon failure of counsel either to move to strike juror Robert Shaffer or to use a strike to remove him);
5. Excessiveness or denial of bail;
6. Challenges to the composition of grand jury or its procedures (trial court erred when it failed to disqualify juror Robert Shaffer; the State failed to put on sufficient witnesses to permit the grand jury to test the evidence, confront all witnesses, and fully investigate);
7. Claims concerning use of informers to convict;
8. Constitutional errors in evidentiary rulings;
9. Sufficiency of evidence;
10. Severer sentence than expected;
11. Excessive sentence;
12. Unconstitutional opening and closing arguments.

[Doc. 22-5 at 2–5, 10–18]. The state habeas court conducted an omnibus evidentiary hearing that began on October 1, 2010 and continued on November 18, 2010. [Doc. 22-6 at 2], [Doc. 22-7 at 2]. The court informed petitioner that he was "required to

4

raise all grounds . . . claiming that [he was] entitled to any relief from this Court on the basis of [his] habeas petition or the supplemental petition that was filed by [his attorney]," and that if petitioner failed to raise any of those grounds at the hearing, he would be deemed to have waived those grounds. Petitioner stated that he understood. [Doc. 22-6 at 4–5, 3:20–4:8].[3]

By opinion order entered August 25, 2011, the state habeas court denied all of petitioner's grounds for relief. [Doc. 22-9].

### D. State Habeas Appeal to the West Virginia Supreme Court of Appeals

Petitioner filed his notice of appeal of the denial of his state habeas petition with the West Virginia Supreme Court of Appeals on September 23, 2011. [Doc. 22-10 at 8]. He raised two assignments of error:

1. The circuit court was clearly wrong where it concluded that the petitioner failed to prove his trial counsel was ineffective by a preponderance of the evidence;
2. The circuit court was clearly wrong where it failed to address in its Order petitioner's claim that the [trial] court erred in not excluding a biased juror as a matter of law as a ground for habeas corpus relief.

*Id.* at 13. By memorandum decision issued January 14, 2013, the West Virginia

---

[3] This Court further notes that at the omnibus evidentiary hearing, counsel for petitioner stated that he was unaware of any evidence that would support the following grounds for habeas relief raised by petitioner: (1) statute under which he was convicted was unconstitutional; (2) excessiveness or denial of bail; (3) claims concerning use of informers to convict; (4) constitutional errors in evidentiary rulings; (5) ineffective assistance of counsel, insofar as the claim was based either upon counsel's failure to advise petitioner of his right not to testify and of the dangers of testifying, or upon an inadequate discovery request; and (6) unconstitutional opening and closing arguments. [Doc. 22-6 at 25, 24:12–14; 27–28, 26:24–27:4; 28, 27:6–16; 33, 32:2–9; 33, 32:20–24; 34, 33:6–13].

Supreme Court affirmed the denial of petitioner's state habeas petition. [Doc. 22-11].

### E. Petitioner's Federal Habeas Action

On April 8, 2013, petitioner filed the instant petition without a memorandum in support. His federal petition raises four grounds for relief:

1. "Trial counsel was ineffective, for failing to move to quash the faulty indictment for multiplicity, same transaction and same element violations, and for failure to bar a raising of double jeopardy protections [sic]."
2. "Habeas counsel failed to advance all available grounds for relief at omnibus state habeas hearing which denied petitioner his right to consideration and appeal of said issues."
3. "Indictment fails to fully inform recent change in law reveals failure to fully inform and double jeopardy concerns [sic]."
4. "Actual innocence — post trial psychological evaluation shows actual innocence. Not raised by habeas or appeal counsels — ineffectiveness [sic]."

[Doc. 1 at 6, 8–9, 11, 13].

The respondent, David Ballard, filed a Motion for Summary Judgment [Doc. 22] on August 15, 2013. Petitioner filed his Response, styled as a Reply [Doc. 38] on November 21, 2013.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Supreme Court has recognized that motions for summary judgment may be used to test the factual sufficiency of the allegations in habeas proceedings. See *Blackledge v. Allison*, 431 U.S. 63, 80 (1977).

6

### III. Analysis

#### A. Exhaustion of State Remedies

In order for a state prisoner to pursue a petition for writ of habeas corpus in federal court, the petitioner must first exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement stems from the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers . . . have had an opportunity to pass upon the matter." *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)). In service of that end, the exhaustion requirement affords state courts the first opportunity to correct any violation of state prisoners' federal rights.

To exhaust his state remedies, a habeas petitioner must "fairly present" the substance of his claim to the state's highest court. *Picard v. Connor*, 404 U.S. 270, 275–78 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (quoting *Picard*, 404 U.S. at 278). The substance of a claim is fairly presented when "both the operative facts and controlling legal principles" are plainly placed before the state court. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192, 205 (4th Cir. 2011) (quoting *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992)). The petitioner cannot merely state the facts underlying an alleged constitutional violation; he must also explain how those facts establish that his rights were violated. *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994). Only those claims presented to the state court may be considered by the federal court. *See Picard*, 404 U.S. at 276–77 (holding state remedies unexhausted on a Fourteenth Amendment equal protection claim

where the only constitutional claim raised below related to the Fifth Amendment's requirement of a grand jury indictment).

In West Virginia, a petitioner may exhaust state remedies either by raising the federal issue on direct appeal from his conviction, or in a post-conviction habeas corpus action filed in state court, denied, and then appealed to the West Virginia Supreme Court. *See **Moore v. Kirby***, 879 F. Supp. 592, 593 (S.D. W. Va. 1995) (direct appeal); ***Bayerle v. Godwin***, 825 F. Supp. 113, 114 (N.D. W. Va. 1993) (post-conviction state habeas action). The petitioner bears the burden of proving exhaustion, and "[t]he exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." ***Breard v. Pruett***, 134 F.3d 615, 619 (4th Cir. 1998) (citing ***Matthews***, 105 F.3d at 911; ***Mallory***, 27 F.3d at 994).

Here, petitioner has taken a direct appeal from his conviction, has filed a state petition for writ of habeas corpus, and has taken an appeal from the denial of his state habeas petition. A comparison of the grounds raised in those state proceedings with the grounds raised in the instant federal petition reveals that none of the grounds raised in the federal petition were raised at any time in any court. Accordingly, this Court agrees with Magistrate Judge Seibert's finding that petitioner has failed to exhaust his state remedies, and petitioner's objection to the contrary is **OVERRULED**.

**B.     Statute of Limitations**

Magistrate Judge Seibert further found that, as the statute of limitations for timely re-filing petitioner's federal habeas petition had not yet expired, a dismissal without prejudice of petitioner's claims would not preclude petitioner from returning to federal court

8

once his claims are exhausted in state court.  As explained below, however, the limitations-period calculation in the Report and Recommendation is incorrect, necessitating a slightly different analysis.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas claims are subject to a one-year period of limitation.  28 U.S.C. § 2244(d)(1).  The one-year period begins to run on the later of four dates, only one of which is relevant here: "the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* at § 2244(d)(1)(A).

Here, petitioner was convicted on December 3, 2007, and sentenced on April 30, 2008.  The West Virginia Supreme Court refused his direct appeal on June 3, 2009.  For the purpose of starting the clock on the one-year limitation period, a judgment of conviction becomes final when the time expires for filing a petition for writ of *certiorari* with the United States Supreme Court.  **Hill v. Braxton**, 277 F.3d 701, 704 (4th Cir. 2002) (citing **Harris v. Hutchinson**, 209 F.3d 325, 328 n.1 (4th Cir. 2000)); *see also* **Clay v. United States**, 537 U.S. 522, 532 (2003) (interpreting "the date on which the judgment of conviction becomes final" in 28 U.S.C. § 2255 to include the 90-day period in which a petition for writ of *certiorari* may be filed).  Although petitioner did not petition the Supreme Court for a writ of *certiorari*, he had until September 1, 2009 to do so.  *See* Sup. Ct. R. 13.1 (establishing that a petition for writ of *certiorari* is timely filed if filed within 90 days after entry of the order denying review).  The one-year period thus began to run on September 1, 2009.

AEDPA's tolling provision, 28 U.S.C. § 2244(d)(2), provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review is

9

pending shall not be counted toward any period of limitation under this subsection." Petitioner filed his state habeas petition on November 9, 2009, tolling the limitation period pursuant to § 2244(d)(2). Thus, 69 days of petitioner's one-year period elapsed between the expiration of his time for seeking direct review and the date petitioner filed his state habeas petition.

Petitioner's limitation period remained tolled through January 14, 2013, the date the West Virginia Supreme Court affirmed denial of his state habeas petition. Although petitioner had the right to petition the United States Supreme Court for writ of *certiorari*, he again chose not to do so; unlike with direct review, however, the limitation period does not remain tolled during the 90-day writ of *certiorari* filing period following denial of state post-conviction relief. **Harris**, 209 F.3d at 328; **Washington v. Beck**, 2005 WL 1869229, at *1 (M.D. N.C. Aug. 3, 2005) (citing **Ott v. Johnson**, 192 F.3d 510, 513 (5th Cir. 1999)). Thus, petitioner's limitation period resumed running on January 14, 2013, not on April 8, 2013, the date used for the calculation in the Report and Recommendation. *See* [Doc. 39 at 10 n.2].

Although petitioner filed the instant § 2254 petition on April 8, 2013, the Supreme Court has held that filing an application for federal habeas corpus review does not toll the AEDPA limitation period, as a federal habeas application is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2). **Duncan v. Walker**, 533 U.S. 167, 181–82 (2001). Petitioner's one-year limitations period therefore expired on November 6, 2013. On December 2, 2013, the date the R&R was filed, a total of 391 days had elapsed: (1) 69 days from September 1, 2009 (the date petitioner's time

for seeking direct review expired, including the 90-day period in which he could have filed a petition for writ of *certiorari*) to November 9, 2009 (the date petitioner filed his state habeas petition); and (2) 322 days from January 14, 2013 (the date the West Virginia Supreme Court affirmed denial of petitioner's state habeas petition) to December 2, 2013. Petitioner's objection to the computation of time contained in the R&R is therefore **SUSTAINED**.

### C. Propriety of a Stay and Abeyance

Because his claims are now time-barred, petitioner asks this court to hold his petition in abeyance and stay this matter while petitioner returns to state court to exhaust his state remedies. As set forth below, petitioner's request must be **DENIED**.

The Supreme Court has acknowledged that in some circumstances, the interplay between the exhaustion requirement and AEDPA's one-year statute of limitations can totally deprive a petitioner of the opportunity to have his unexhausted claims federally reviewed. ***Rhines v. Weber***, 544 U.S. 269, 275 (2005). The problem arises because the petitioner cannot control how long it takes the district court to resolve the question of exhaustion; although a petitioner may timely file his petition, the district court may not make its ruling until the limitations period has expired or is about to expire. ***Id.*** Thus, the Court held in ***Rhines*** that where a habeas petition is "mixed"—that is, contains both exhausted and unexhausted claims—a district court has discretion to stay the petition pending the petitioner's return to state court where (1) the petitioner can show good cause for failure to exhaust and (2) the petitioner's unexhausted claims are potentially meritorious. ***Id.*** at 278.

The Court did not address the question whether a stay and abeyance is appropriate where the federal habeas petition contains only *unexhausted* claims. To the extent the issue has been confronted, lower courts are divided. *Compare* **McHoney v. South Carolina**, 518 F. Supp. 2d 700, 714 (D. S.C. 2007) (rejecting a petitioner's motion for stay where "the petition does not appear to be a mixed petition with unexhausted claims," but rather raised a non-cognizable state law issue), *with* **Dolis v. Chambers**, 454 F.3d 721, 724–25 (7th Cir. 2006) (remanding for consideration of possible stay and abeyance although the petition contained only unexhausted claims) *and* **Blank v. Dittman**, 674 F. Supp. 2d 1100, 1101 (E.D. Wis. 2009) (citing **Dolis**) (concluding that stay and abeyance is available even where a petition contains no exhausted claims). The Fourth Circuit has not yet had occasion to grapple with the question.

While petitioner claims that an unspecified number of the grounds in his habeas petition were in fact exhausted, it is clear to this Court, as described in section III.A, *supra*, that none of the grounds raised by petitioner in his federal habeas petition were ever raised before any court.[4] "It is not enough that all the facts necessary to support the federal claims were before the state courts, or that a somewhat similar state-law claim was made." **Anderson v. Harless**, 459 U.S. 4, 6 (1982) (internal citations omitted). Because the instant petition contains no exhausted claims, petitioner's request raises the unresolved question whether petitions containing only unexhausted claims are eligible for stay-and-

---

[4] To the extent that petitioner's claims implicate the effectiveness of his habeas counsel, moreover, those claims are not cognizable on federal habeas review. **Pennsylvania v. Finley**, 481 U.S. 551, 555 (1987) (holding that there is no constitutional right to counsel in post-conviction proceedings).

abeyance consideration.

This Court need not venture into those uncertain waters, however, as it is this Court's opinion that petitioner has shown neither good cause for his failure to exhaust nor that his claims are potentially meritorious. This Court must interpret whether a petitioner has shown good cause for his failure to exhaust in light of the Supreme Court's instruction in **Rhines** that "stay and abeyance should be available only in limited circumstances." 544 U.S. at 277. Here, petitioner offers two grounds in support of his good-cause argument: first, that he "has other exhausted claims in which he can proceed with in the Federal Court [sic]," and second, that refusal to grant a stay and abeyance "would be a great injustice" as any successive federal petition will be time-barred. [Doc. 41 at 17]. Neither of these arguments address petitioner's failure to exhaust; petitioner has thus failed to provide this Court with any grounds upon which a finding of good cause could be premised.

Moreover, this Court finds that the unexhausted grounds petitioner raises are plainly meritless for at least three reasons. See **Rhines**, 544 U.S. at 277 ("[E]ven if a petitioner had good cause for th[e] failure [to exhaust], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."). First, petitioner is now procedurally barred from raising several of his claims in state court. See Syllabus Point 4, **Losh v. McKenzie**, 166 W. Va. 762, 762–63, 277 S.E.2d 606 (W. Va. 1981). Under West Virginia law, "a prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known[.]" *Id.* Because petitioners are required to raise all known grounds at their omnibus hearing, there are only a few narrow grounds upon which additional

13

habeas hearings will be granted: ineffective assistance of counsel at the omnibus hearing, newly discovered evidence, or a favorable change in the law which may be applied retroactively. **Markley v. Coleman**, 215 W. Va. 729, 733, 601 S.E.2d 49 (W. Va. 2004) (citing **Losh**).

As petitioner's new claims of ineffective assistance of trial counsel do not fall within any of the narrow categories described, those claims are procedurally barred. Petitioner's claim regarding a favorable change in the law is also procedurally barred. While petitioner fails to elaborate on the substance of same, he does cite to this Court's decision in **Dillworth v. Markle**, 2010 WL 597491 (N.D. W. Va. 2010). In **Dillworth**, this Court declined to hold that a petitioner's unexhausted habeas claim concerning alleged constitutional inadequacy of his indictment was plainly meritless, and chose to hold the petitioner's claim in abeyance pending exhaustion of state remedies. 2010 WL 597491 at *2. Petitioner appears to be contending that like the **Dillworth** petitioner's indictment, his own indictment is constitutionally inadequate. **Dillworth**, however, was decided during the pendency of petitioner's state habeas proceedings, and its conclusions of law were based upon the **Dillworth** petitioner's citation to relevant case law from 2005. *See id.* Thus, no favorable change in the law which could rescue petitioner's claim from *res judicata* actually occurred. Petitioner had the opportunity to present argument on the adequacy of his indictment during his state habeas proceedings and instead chose to waive any such claims. *See* [Doc. 22-5 at 11] (waiving all claims related to "defects in indictment"); [Doc. 22-6 at 9–10, 8:23–9:1] (confirming waiver of same in open court).

Second, both in his Response to respondent's Motion for Summary Judgment and

14

in his Objections to Magistrate Judge Seibert's R&R, petitioner fails to argue that any of the non-barred grounds raised in his federal habeas petition have merit; rather, petitioner makes merit-based arguments related to (1) ineffective assistance of counsel based on trial counsel's failure to strike juror Robert Shaffer, and (2) ineffective assistance of counsel based on trial counsel's alleged failure to explain the plea agreement to petitioner. [Doc. 38 at 4–11]; [Doc. 41 at 18]. Both avenues of argument do not relate to the claims petitioner raises in his federal habeas petition and are therefore irrelevant. Further, to the extent that petitioner does discuss the claims he actually raises, petitioner himself undermines their alleged validity, "conced[ing] that some of these claims are weak and really does not have merit [sic]," and "conced[ing] [the] claim may or may not be cognizable to federal relief [and] will need to be further investigated and justified." [Doc. 41 at 14]. Consequently, this Court finds that petitioner's claims are plainly meritless.

## **CONCLUSION**

Upon careful review of the record, this Court hereby **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the magistrate judge's Report and Recommendation **[Doc. 39]** for the reasons stated above. As such, the petitioner's Objections **[Doc. 41]** are **OVERRULED IN PART** and **SUSTAINED IN PART**. The respondent's Motion for Summary Judgment **[Doc. 22]** is hereby **GRANTED**, and the petitioner's Motion for Leave to Hold the 2254 Writ of Habeas Corpus in Abeyance **[Doc. 38]** is hereby **DENIED**.

Accordingly, this Court hereby **DENIES** and **DISMISSES with prejudice** the petitioner's § 2254 petition **[Doc. 1]** and this matter is **ORDERED STRICKEN** from the active docket of this Court. As such, this Court **DIRECTS** the Clerk to enter judgment in

favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** petitioner a certificate of appealability on his dismissed claims, finding that petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the pro se petitioner.

**DATED:** December 30, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE